WANERKA v. SUPREME COUNCIL OF THE ROYAL ARCANUM.

(Supreme Court, Appellate Term, First Department.    June 21, 1916.)

1. INSURANCE ☞817(2)—MUTUAL BENEFIT INSURANCE—BREACH OF WARRAN-
TY—BURDEN OF PROOF.

In a widow's action to recover on a certificate of mutual benefit insur-
ance, the burden was on the insurer to prove breach of warranty by in-
sured that he had never applied for insurance in any life insurance com-
pany and been rejected.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2001; Dec.
Dig. ☞817(2).]

2. INSURANCE ☞825(2)—MUTUAL BENEFIT INSURANCE—QUESTION FOR JURY.

In a widow's action to recover an amount of insurance payable under
the certificate of a mutual benefit association, question whether insured
had applied for insurance in a life insurance company and made answers
relative thereto, as claimed, in his application for membership in de-
fendant society, held for the jury under the evidence.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2009; Dec.
Dig. ☞825(2).]

Appeal from City Court of New York, Trial Term.

Action by Antonia Wanerka against the Supreme Council of the
Royal Arcanum.  From a judgment on verdict directed for defend-
ant, plaintiff appeals.  Judgment reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Morris & Samuel Meyers, of New York City, for appellant.
Uriah W. Thompkins, of New York City, for respondent.

GUY, J.  The plaintiff, beneficiary of a certificate of membership
issued to her husband in Stanley Council, one of the defendant's sub-
ordinate lodges, brought the action to recover $1,000, the amount of
insurance payable under the certificate upon the husband's death.  The
defense was breach of warranty, in that the husband, prior to his
membership in defendant, had been rejected for insurance by the
Prudential Insurance Company, although he stated in his application
for membership, and expressly warranted, that he had never applied
for insurance in any life insurance company and been rejected by any
such company.

It appeared from the defendant's testimony that within a year prior
to decedent's election to membership a person of the same name had
applied for insurance in the Prudential Insurance Company and been
rejected by that company.  Defendant sought to show by the plaintiff
and two of decedent's brothers that the signature to the application
to the Prudential was made by the decedent; but the plaintiff, while
she admitted that one or more of the signatures on the application for
membership were made by her husband, denied that the signature to
the application to the Prudential was his, and the brothers testified
that they could not state whether any of the signatures to the applica-
tion for membership were made by the decedent.

Defendant's witness Caulfield, a member of the defendant, and
qualified in a measure to express an opinion on the subject, testified

that the same person who signed the beneficiary certificate and the application for membership in the defendant signed the application to the Prudential. Although it does not appear in the record, it is conceded by counsel for respondent on the argument that in the blank of defendant's medical examiner, opposite the question, (D) "Have you ever been rejected?" "No" is written over "Yes."

[1, 2] At the close of the entire case the learned trial court denied plaintiff's request to go to the jury, and directed a verdict for the defendant, because, as he said, "there is no doubt in my mind that this is the same signature." The exception to the direction presents reversible error. The burden was on the defendant to prove the breach of warranty; and it was for the jury to say on all the facts in the case, and giving the opinion of Caulfield, a member of the defendant, such weight as they believed it was entitled to, whether decedent's husband had applied for insurance in the Prudential Company and made the answers as claimed in the application for membership to the defendant.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.